IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSEPH DUDEK and KENNETH PORTER<br>c/o Christopher Wido, Esq.<br>The Spitz Law Firm, LLC,<br>25200 Chagrin Blvd, Ste 200<br>Beachwood, Ohio, 44122<br><br>On behalf of themselves and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>LUTHERAN METROPOLITAN MINISTRY<br>4515 Superior Avenue,<br>Cleveland, Ohio, 44103<br><br>**Serve Statutory Agent also:**<br>Sue Cyncynatus<br>4515 Superior Avenue,<br>Cleveland, Ohio, 44103<br><br>Defendant. | CASE NO.<br><br>JUDGE:<br><br><br><br><br><br><br><br>**COLLECTIVE ACTION COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT**<br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiffs Joseph Dudek and Kenneth Porter bring this action against Defendant Lutheran Metropolitan Ministry, seeking all available relief under the Fair Labor Standards Act of 1983 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the Ohio Minimum Fair Wages Standards Act (the "Ohio Wage Act"), O.R.C. §§ 4111.01 *et seq*. Plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Wage Law claims are asserted individually. The following allegations are based upon information and belief, or personal knowledge as to Plaintiffs' own conduct and the conduct and acts of others.



The Employee's Attorney.™

**PARTIES AND VENUE**

1. Dudek is an adult individual resident of the city of Euclid, county of Cuyahoga, state of Ohio. Dudek consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b).[1]

2. Porter is an adult individual resident of the city of Cleveland, county of Cuyahoga, state of Ohio. Dudek consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b).[2]

3. Lutheran Metropolitan Ministry ("Defendant") is an Ohio non-profit organization which provides services throughout the greater Cleveland area, and which maintains its offices in Cleveland, Ohio.

4. During all times material to this Complaint, Defendant was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and O.R.C. § 4111.03(D); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

5. Defendant is, and at all times hereinafter mentioned was, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of no less than $500,000.

---

[1] Dudek's executed Consent to Sue form is attached hereto as Exhibit A.
[2] Porter's executed Consent to Sue form is attached hereto as Exhibit B.



6. During all times material to this Complaint, Plaintiff and the putative class members, as defined herein, were "employees" of Defendant within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

7. The putative FLSA class, pursuant to 29 U.S.C. § 216(b), is defined in paragraph 33 of the Complaint.

## JURISDICTION & VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiffs and the putative class members are alleging Federal Law Claims under the FLSA, 29 U.S.C. § 216(b).

9. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 as Plaintiffs' state law claims are so closely related to their federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

10. This Court has personal jurisdiction over Defendant because it maintains several facilities in Ohio, conducts business in Ohio, and employs employees in Ohio.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because at all times relevant hereto, Defendant is and always has been responsible for the acts alleged herein, a substantial portion of the practices complained of herein occurred in this District, and Defendant has received substantial compensation as a result of doing business in this District. Moreover, at all times material to the allegations contained herein, Defendant was registered to conduct business in the State of Ohio, and conducted substantial business in the State of Ohio.

## FACTS

12. Defendant owns and operates a Men's Homeless Shelter located at 2100 Lakeside Boulevard in Cleveland, Ohio ("Shelter").

The Employee's Attorney.™ 

13. In addition to providing services to the public, Defendant is engaged in various lines of business in which it provides food services, laundry services, cleaning services, and other services to third parties.

14. Dudek and Porter are former employees of Defendant.

15. Dudek and Porter became employed by Defendant while they were staying at the Shelter.

16. At times throughout their employment with Defendant, Dudek and Porter would live in the Shelter and then move out sporadically as they tried to rebuild their lives.

17. Dudek was employed by Defendant from late 2012 through February 29, 2016.

18. Dudek was employed as a driver to deliver meals prepared by other Defendant employees to other shelters.

19. Porter was employed by Defendant from approximately July 27, 2012 through August 27, 2017.

20. Dudek was employed as a laundry worker.

21. While employed by Defendant, Dudek and Porter were subjected to the unlawful practices described in paragraphs 22-38 below.

## **GENERAL ALLEGATIONS**

22. At all times referenced herein, Plaintiffs and those similarly-situated are or were "employees" of Defendant within the meaning of 29 U.S.C § 203(e)(1).

23. At all times referenced herein, Plaintiffs and those similarly-situated were non-exempt from the minimum wage and overtime protections of the FLSA.

24. Plaintiffs and those similarly situated were tasked with performing specific job tasks related to the services Defendant provides to third parties, were given work schedules, and answered to a supervisor.

The Employee's Attorney.™ 

25. Upon information and belief, Defendant charged third parties money for the services it provided through Plaintiffs and those similarly situated.

26. At all times referenced herein, Plaintiffs and those similarly-situated were paid by Defendant to perform the work they were hired to do, although at a rate of pay far below that required by the FLSA or Ohio Wage Act.

27. Plaintiffs and those similarly situated were generally scheduled to work between 20 and 50 hours a week.

28. Plaintiffs and those similarly situated were paid between $5.00 and $30.00 dollars a day on a flat rate basis, regardless of how many hours they actually worked.

29. Plaintiffs and those similarly situated were not paid overtime at a rate of time and one half the regular rate of pay when they worked more than forty hours in a given week.

30. At all times referenced herein, Defendant told Plaintiffs and those similarly situated that their pay was a "stipend" or constituted "work study" to justify paying sub-minimum wages.

31. At all times referenced herein, Defendant failed to keep time records or pay records, opting instead to pay plaintiffs and those similarly situated in cash.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32. Plaintiffs restate each and every prior paragraph of this Complaint, as if it were fully restated herein.

33. Plaintiffs bring this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of themselves and all similarly situated individuals who are part of the following class:

> All individuals employed by Lutheran Metropolitan Ministry in any non-exempt position who were paid only a flat daily rate for their work and/or a "stipend" regardless of the number of hours worked, and who were not paid for all hours worked, and/or overtime compensation at a rate of one-and-one-half times their respective regular rates of pay for hours worked over forty



The Employee's Attorney.™

(40) in a workweek at any time during three (3) years preceding the filing of this action.

These individuals are referred to as the "FLSA Class" or "FLSA Class Members."

34. Collective Action treatment of Plaintiffs' FLSA claims is appropriate because Plaintiffs and the FLSA Class have been subjected to the common business practices referenced in paragraphs 22 through 31 herein, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendant practices failed to properly compensate the FLSA Class Members for all hours worked.

35. Plaintiffs seek to recover all wages owed to themselves and the FLSA Class Members for unpaid regular and overtime hours worked, liquidated damages to the fullest extent allowable under the FLSA and Ohio Wage Law, all available equitable relief, including attorneys' fees and associated litigation costs.

**COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME COMPENSATION**

36. Plaintiffs restate each and every prior paragraph of this Complaint, as if it were fully stated herein.

37. During all times material to this Complaint, Defendant was an employer covered by the FLSA.

38. During all times material to this Complaint, Plaintiffs and the FLSA Class Members were employees who were not exempt from overtime compensation under the FLSA because, *inter alia*, they were not "executive," "administrative," "professional," or "retail sales" employees as defined under the FLSA, and were entitled to one-and-one-half times their respective regular rates for hours worked in excess of forty (40) hours per workweek.

39. During all times material to this Complaint, Defendant violated the FLSA with respect to Plaintiffs and the FLSA Class Members by, *inter alia*, failing to compensate them for all time



worked in a workweek, where all time worked includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business and where the employer knew or should have known that the employee was spending the time at issue primarily for the employer's benefit.

40. During all times material to this Complaint, Defendant violated the FLSA with respect to Plaintiffs and the FLSA Class Members by, *inter alia*, failing to compensate them at one-and-one-half their regular rates of pay for any hours worked in excess of forty (40) hours per workweek.

41. During all times material to this complaint, Defendant knew that Plaintiffs and the FLSA Class Members were not exempt from the overtime obligations imposed by the FLSA. Defendant also knew that it was required to pay Plaintiffs and the FLSA Class Members overtime compensation at a rate of one-and-one-half their respective regular rates for hours worked in excess of forty (40) hours per workweek. Despite such knowledge, Defendant willfully withheld and failed to pay the FLSA Class Members for all time worked, including overtime compensation, to which Plaintiffs and the FLSA Class Members were entitled.

42. In violating the FLSA, Defendant acted willfully, without a good faith basis, and in reckless disregard of clearly applicable FLSA provisions.

43. As a direct and proximate cause of Defendant's conduct, pursuant to 29 U.S.C. § 216(b), Defendant is liable to Plaintiff and those similarly situated for the full amount of all unpaid wages and required overtime obligations, an additional equal amount as liquidated damages, as well as costs and reasonable attorneys' fees.

The Employee's Attorney.™ 


## COUNT II: VIOLATION OF THE OHIO WAGE ACT

44. Plaintiffs restate each and every prior paragraph of this Complaint, as if it were fully restated herein.

45. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek.

46. The Ohio Wage Act requires that employees receive overtime compensation at a rate of one-and-one-half times the employee's regular rate of pay for all hours worked over forty (40) in a workweek.

47. During all times material to this Complaint, Defendant was an employer required to comply with the Ohio Wage Act's mandates.

48. During all times material to this Complaint, Plaintiffs were employees entitled to individual protection of the Ohio Wage Act.

49. Defendant violated the Ohio Wage Act with respect to Plaintiffs by, *inter alia*, failing to compensate Plaintiffs for all hours worked, failing to pay Plaintiffs the minimum wage for all hours worked, and failing to pay Plaintiffs overtime for all hours worked over forty (40) in a workweek.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiffs requests judgment against Defendant and for an Order:

(a) Certifying a collective action pursuant to 29 U.S.C. § 216(b) consisting of all individuals employed by Defendant who work or have worked as non-exempt FLSA employees as described herein, were paid a daily flat rate or a "stipend," and who were not paid for all hours worked, paid less than the minimum wage, and/or denied payment for overtime hours worked at any time during the three (3) years preceding the filing of this action;



(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class Members apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

(c) Awarding to Plaintiff and the FLSA Class Members unpaid wages as to be determined at trial together with any liquidated damages allowed by the FLSA;

(d) Awarding Plaintiff and the FLSA Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

(e) Awarding Plaintiff and the FLSA Class Members such other and further relief as the Court deems just and proper;

(f) An injunction prohibiting Defendant from engaging in future violations of the FLSA and Ohio Wage Act; and

(g) For a judgment against Defendant for all damage, relieve, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney for Plaintiffs*



## JURY DEMAND

Plaintiffs demand a trial by jury by the maximum number of jurors permitted.

>*/s/ Chris P. Wido*
>Chris P. Wido (0090441)
>**THE SPITZ LAW FIRM, LLC**

